# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| YOSIAM MONTES-GALINDEZ, | ) | Cr. ID. No. 1810000846 |
| | ) | |
| Defendant. | ) | |

Submitted: October 30, 2020
Decided: December 8, 2020

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Denied

**ADOPTED**

## ORDER

This 8th day of December, 2020, the Court has considered the Commissioner's Report and Recommendation, Defendant's Motion for Postconviction Relief, and the relevant proceedings below.[1]

On October 2, 2018, Defendant Yosiam Montes-Galindez was arrested and charged with multiple drug related offenses.[2] On March 14, 2019, Defendant: (1) entered into a Plea Agreement; (2) executed a Truth-In-Sentencing Guilty Plea

---

[1] Defendant did not file an objection to the Commissioner's Report and Recommendation.
[2] Comm'r Report of Oct. 19, 2020, at 2.

1

Form; and (3) participated in a Plea Colloquy with the Court.[3] A Spanish speaking interpreter assisted the Court with each action.[4] On November 25, 2019, Defendant filed a timely motion for postconviction relief.[5] The motion was assigned to a Superior Court Commissioner pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Procedure Rule 62.

In his motion, Defendant raises two arguments which the Court will address in turn. Defendant's first argument is that his due process rights were violated when he was sentenced under a Drug Dealing statute that referenced marijuana, even though he was accused of dealing heroin.[6] A defendant is barred from raising arguments in a postconviction proceeding that could have been raised previously.[7] Any ground for relief is waived if not raised at the appropriate time.[8] Further, "[i]t is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea, even those of constitutional dimensions."[9] Defendant is barred from challenging the application of the drug dealing statute because he failed to raise the issue prior to entering his guilty plea. This is true even though his argument is based on his constitutional due

---

[3] *Id.*
[4] *Id.* at Exhibit C.
[5] D.I. 11.
[6] *Id.*
[7] Super. Ct. Crim. R. 61(i)(3).
[8] *Id.*
[9] *Mack v. State*, 2019 WL 7342514, at *2 (Del.) (citing *Scarborough v. State*, 2015 WL 4606519, at *3 (Del.)).

process right because Defendant entered his guilty plea knowingly and voluntarily. Thus, Defendant's first argument for postconviction relief fails.

Defendant's second argument is that his Trial Counsel was ineffective. To support his claim, Defendant raises the following issues: (1) that Trial Counsel had counseling meetings without an interpreter present, which left Defendant unable to understand the terms and conditions of his plea;[10] and (2) that Trial Counsel advised him to accept a plea that could result in deportation.[11] In order to succeed on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, *i.e.*, that it fell below "an objective standard of reasonableness," and that counsel's deficient performance prejudiced the defendant.[12] After careful analysis, the Commissioner found that Defendant was unable to meet his burden.[13] The Court agrees.

Contrary to Defendant's contentions, the record shows that a Spanish speaking interpreter was present when Defendant entered his plea.[14] Additionally, an interpreter was present during meetings between Defendant and Trial Counsel.[15] Trial Counsel stated that Defendant's Truth-In-Sentencing Form was "read to him

---

[10] Comm'r Report at 5.
[11] D.I. 11.
[12] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[13] Comm'r Report at 4-8.
[14] D.I. 6.
[15] Plea Transcript at 6.

line by line by the court certified Spanish speaking interpreter."[16] During the Plea Hearing, Defendant told the Court that a Spanish speaking interpreter assisted him when he reviewed the Plea Agreement and Truth-In-Sentencing forms.[17] It appears Defendant was provided with the assistance necessary to understand the terms of his plea.

Finally, Defendant cannot deny that he was aware his guilty plea may have an effect on his immigration status. As the Commissioner summarized, the Plea Transcript shows that "Defendant understood 'anything with respect to immigration, if there is any issue, is on his own accord,' and the felony conviction would likely affect his citizenship."[18] If nothing else, Defendant should have been aware the plea may affect his status when an ICE agent was present at a meeting to discuss the case with Defendant, Trial Counsel, the State, and a Spanish speaking interpreter.[19]

The Court holds that the Commissioner's Report and Recommendation dated October 19, 2020 should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[20]

---

[16] *Id.* at 7.
[17] Comm'r Report at 6.
[18] *Id.*
[19] *Id.*
[20] Super. Ct. Crim. R. 62(a)(4)(iv).

**THEREFORE,** after a careful *de novo* review of the record in this action, the Court hereby **adopts the Commissioner's Report and Recommendation in its entirety**. Defendant's Motion for Postconviction Relief is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston